## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Martin H. Daniell, III, Special Agent with the Federal Bureau of Investigation, Department of Justice, being duly sworn, deposes and states under penalty of perjury that the following is true to the best of my information, knowledge, and belief.

1. Your affiant is a Special Agent with the Federal Bureau of Investigation (FBI) and has been so for over fourteen years. Your affiant is currently assigned as the FBI Airport Liaison Agent at Denver International Airport (DEN) and investigates violations of federal law that occur at the airport, as well as crimes that occur in the special aircraft jurisdiction of the United States.

2. On August 30, 2013, at 12:31am, your affiant was advised by the Denver International Airport (DEN) Communications Center of the diversion to DEN of JetBlue Airways Flight 358 due to a disturbance that had occurred in flight while en route from Bob Hope Airport in Burbank, California, to John F. Kennedy International Airport in New York, New York. Your affiant responded to DEN and, through written statements and interviews of Flight 358 flight crew members and passengers, your affiant discovered the following:

3. Passenger Gregory MEYER, DOB 11/07/1965, smelled of alcohol and was loud when he boarded the flight. While in flight, MEYER, who was in Seat 20D, was singing loudly and yelling and was seen drinking alcohol he brought on the flight with him. Seated across the aisle from MEYER in Seat 20C was 47 year old female passenger D.J. MEYER began to stroke the arm of D.J. and grabbed her at her waist and tried to grab her hand. He also stared at her. This behavior made her feel violated and uncomfortable and it continued until the flight was diverted to DEN. As a result of MEYER's actions, D.J. stated she could not relax and fall asleep and she was afraid MEYER would become more sexually aggressive.

4. 27 year old female passenger B.M. was seated directly in front of MEYER in Seat 19D. B.M. could feel shaking and pounding on her seat caused by MEYER and he was loudly screaming what she thought were song lyrics. At one point during the flight, he put his hand on the top of her head and grabbed it, pulling it backward. She had her seat reclined and he put his hand through the gap between the seats and started pulling her arms and touching her side. This made her very uncomfortable so she pulled away and told him to stop. She could see his shadow so she knew he was moving around behind her. This was unnerving because she couldn't see exactly what he was doing.

5. 39 year old female flight attendant M.T. could smell alcohol on the breath of MEYER and heard him singing loudly. She asked him to please be quiet multiple times and saw him touch passenger D.J. on the arm. She ultimately gave MEYER a yellow slip of paper telling him to stop his behavior and she kept the captain advised about MEYER's behavior.

6. 41 year old female flight attendant J.C. was told by M.T. not to serve MEYER any alcohol because M.T. believed MEYER was already intoxicated. J.C. saw MEYER "drumming

on his tray table" and advised he smelled a lot like alcohol.  She saw him touch D.J. multiple times and B.M. told her MEYER had been touching her through the seats.

      7. 35 year old male flight attendant P.H. asked MEYER to quiet down, but he didn't.  He saw MEYER touch D.J. and asked him to stop touching her.  He ultimately had to stand between MEYER and D.J. to keep MEYER from continuing to touch D.J.

      8. 40 year old male passenger D.S. advised MEYER was very intoxicated and he saw MEYER touch the head and shoulders of B.M.  D.S. heard the flight attendants repeatedly tell MEYER to behave.

      8. After being advised of his rights and waiving these rights and initially denying drinking alcohol on the plane, MEYER stated the following:  He recognizes the brown paper bag containing six small bottles of Smirnoff vodka.  He drank some of the bottles before getting on the plane and some after he was aboard the plane.  He has a prescription for Ambien and he took one when the plane was taking off.  He doesn't recall touching anybody on the plane or beating on a tray table.  He doesn't remember talking to anyone on the plane or having them talk to him.  He doesn't remember the flight crew giving him a yellow slip of paper.  Anything that happened on the plane was a misunderstanding.  If I did anything, I'm apologetic.

      Based upon the above information, probable cause exists to believe, on an aircraft in the special aircraft jurisdiction of the United States, Gregory MEYER, committed simple assault an act that, if committed in the special maritime and territorial jurisdiction of the United States (as defined in Section 7 of Title 18), would violate Title 18, United States Code, Section 113(a)(5), to wit:  Gregory MEYER assaulted two adult females whose initials are "D.J." and "B.M." offensively touching the persons of victims "D.J." and "B.M" in violation of Title 49, United States Code, Section 46506(1) and Title 18, United States Code, Section 113(a)(5).

      I declare under penalty of perjury that the foregoing information is true to the best of my knowledge.

                                                *s/Martin H. Daniell, III*
                                                Special Agent Martin H. Daniell, III
                                                Federal Bureau of Investigation

Sworn to before me this  30th day of  August, 2013.

United States Magistrate Judge
District of Colorado

**Reviewed and submitted by Richard Hosley, Assistant U.S. Attorney.**